LUTTIG, Circuit Judge,
concurring in part and dissenting in part:
I concur in Parts I and II.A of the court’s opinion, but dissent from Part II.B, which affirms the district court’s selection of July 23, 2002, as the start date of the contract. As the majority notes, the district court refused to hold that the contract term began to run before this date, because until that time the district court’s December 1998 order had been stayed by this court, on a motion filed by CSXT. J.A. 321. However, in its September 18, 2000, motion, CSXT only sought a stay of enforcement of the money judgment entered by the district court, not of the district court’s order to enter into a contract with Williams. J.A. 79. CSXT claims, and the district court did not dispute, that CSXT offered on November 19, 1999, to perform the contract on precisely the terms set forth by the district court in its December 1998 enforcement order. See J.A. 321. A fair reading of our order, especially given the motion made by CSXT, is that we stayed only the monetary judgment imposed by the district court. J.A. 107. And the parties apparently so understood our order; since the time that CSXT made this offer, it claims that it has exclusively dealt with Williams as required under the settlement agreement, a claim seemingly accepted by the district court. See J.A. 321 (offering, in support of its finding that CSXT had failed to comply with the terms of the December 1998 order, only CSXT’s refusal to pay the full amount of Williams’ invoices).
Because Williams began to receive the benefit of the agreement guaranteeing it a five-year exclusive contract on November 19, 1999, when CSXT agreed to comply with the terms of the enforcement order, I would hold that the contract began to run on that date. The date that we dissolved our mandate, July 23, 2002, ought have no bearing whatsoever on the question of when the parties agreed that the contract began to run.